IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Leroy Anthony Griffin, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:19-00106-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Curtis Brown, Nardia Pressley, Mykira Presley, and Sarah Thacker, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Leroy Anthony Griffin ("Griffin"), a prisoner proceeding pro se, alleges violations of the First, Fifth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (Second Am. Compl. 4, ECF No. 17.) Defendants Curtis Brown ("Brown"), Nardia Pressley ("Pressley"), and Mykira Presley ("Presley") filed a motion for summary judgment. (Mot. Summ. J., ECF No. 75.) Defendant Sarah Thacker ("Thacker") also filed a motion for summary judgment. (Thacker Mot. Summ. J., ECF No. 77.) In his Report and Recommendation, Magistrate Judge Rogers recommends granting Brown, Pressley, and Presley's motion for summary judgment without prejudice, granting Thacker's motion for summary judgment, and deeming any outstanding motions moot. (R&R, ECF No.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

114.) For the reasons stated below, the court adopts the magistrate judge's Report and Recommendation, grants Defendants' motions for summary judgment, and deems all outstanding motions moot.

## I. Factual and Procedural History

On March 13, 2019, Griffin filed a second amended complaint against Defendants, alleging violations of his constitutional rights while he was a pretrial detainee at Williamsburg County Detention Center ("WCDC"). (Second Am. Compl., ECF No. 17.) More specifically, Griffin alleges that he was (1) denied proper dental care, (2) provided the wrong medication, (3) subjected to daily cell searches, (4) placed on lockdown multiple times without due process, (5) unable to send or receive mail while on lockdown, (6) not allowed to visit with his children, (7) unable to attend religious services for a period of time, and (8) denied access to newspapers or magazines. (Id. at 6-13, ECF No. 17.) Moreover, Griffin asserts that his cell was covered in black mold, his cell doors were rusted, and his cell floors and walls were constantly wet from poor ventilation. (Id. at 8-9, ECF No. 17.)

Brown, Pressley, and Presley filed a motion for summary judgment on September 19, 2019. (Mot. Summ. J., ECF No. 75.) Moreover, on September 24, 2019, Thacker filed a motion for summary judgment. (Thacker Mot. Summ. J., ECF No. 77.) On October 28, 2019, Griffin filed a response. (Resp., ECF No. 88.) Thacker filed a reply on October 31, 2019, and Brown, Pressley, and Presley filed a reply on November 27, 2019. (Thacker Reply, ECF No. 91; Reply, ECF No. 95.) On July 7, 2020, the magistrate judge issued a Report and Recommendation, recommending that the court grant Brown, Pressley, and Presley's motion for summary judgment without prejudice, grant Thacker's motion for summary judgment, and deem all outstanding

motions moot. (R&R, ECF No. 114.) On July 23, 2020, Griffin filed objections to the Report and Recommendation. (Obj., ECF No. 124.) Griffin also filed an affidavit in support of his objections on July 27, 2020. (Aff. Obj., ECF No. 126.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Griffin's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his arguments. However, the court was able to glean two specific objections. Griffin objects to the magistrate judge's recommendations that (1) Griffin failed to exhaust his administrative remedies regarding his claims against Brown, Pressley, and Presley, and (2) Thacker was not deliberately indifferent to Griffin's serious medical needs. (Obj., generally, ECF No. 124.)

First, Griffin contends that he exhausted the available administrative remedies. (Id. at 6-7, 8-14, ECF No. 124.) Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies prior to commencing a federal action challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). This requirement extends to pretrial detainees. See Rutland v. Dewitt, C.A. No. 8:09-13-SB, 2010 WL 288217, at *5 (D.S.C. Jan. 25,

2010) (unpublished) ("The exhaustion of administrative remedies is also required of pretrial detainees[.]"); Tate v. Anderson, C.A. No. 8:05-3085-HMH-BHH, 2007 WL 28982, at *4 (D.S.C. Jan. 3, 2007) (unpublished) ("[T]he PLRA's strict exhaustion requirement does indeed apply in actions brought by pretrial detainees[.]").

Griffin argues that he should not be required to exhaust the administrative remedies in the WCDC Inmate Guide because WCDC officials do not follow certain procedures set forth in it. (Obj. 2-4, 8-14, 16-25, ECF No. 124.). However, Griffin's assertions are mere speculation without evidentiary support. Moreover, there is no evidence that any WCDC officials prevented Griffin from utilizing the grievance procedures to exhaust the administrative remedies. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Irrespective of WCDC officials' actions with respect to other procedures, the law mandates that Griffin exhaust all administrative remedies prior to bringing an action under § 1983, and the alleged actions of WCDC officials in this case do not absolve Griffin of the exhaustion requirement.

The WCDC Inmate Guide provides a grievance process for inmates and requires that inmates submit grievances within seventy-two hours of the incident that the inmate is grieving. (Mot. Summ. J. Attach. 3 (WCDC Inmate Guide 14), ECF No. 75-3.) Griffin asserts that he exhausted the available administrative remedies for his claims by writing grievances to officers, sergeants, lieutenants, Brown, Pressley, "all the way up to the Sheriff[']s office with no answer or a change." (Obj. 6, ECF No. 124.) However, the only grievances presented to the court are unrelated to the instant matter. Griffin filed one grievance regarding drugs that were allegedly transported through the WCDC mail system. In addition, Christopher Pino ("Pino"), an inmate at WCDC, filed two grievances, one of which involved Griffin and merely listed Griffin as a

Muslim. (Mot. Summ. J. Attach. 4 (Inmate Grievance), ECF No. 75-4; Reply Attach. 1 (Brown Aff. 5), ECF No. 95-1.) Griffin also filed a letter from Pino, which states that Pino and Griffin submitted grievances regarding the claims in this matter and that they received no responses from WCDC officials. (Obj. 6-7, ECF No. 124; Pino Letter, ECF No. 86.) However, this conclusory, self-serving statement, without more, fails to substantiate Griffin's claim that he exhausted.

Further, even if Pino and Griffin jointly filed these grievances, Griffin still failed to exhaust the available administrative remedies. The WCDC Inmate Guide provides for appeals from decisions on grievances. (Mot. Summ. J. Attach. 3 (WCDC Inmate Guide 14), ECF No. 75-3.) Moreover, the WCDC Inmate Guide notes that if an inmate does not receive a response to his grievance, the inmate "can consider the detention center's failure to respond to [him] as a denial of [his] grievance and may appeal to the next level." (Id., ECF No. 75-3.) Griffin has not provided evidence that he has filed any appeals. Consequently, the court finds that Griffin has failed to show a genuine issue of material fact regarding his exhaustion of the available administrative remedies.

In addition, Griffin contends that he has exhausted because he was not required to file grievances regarding his due process and medical claims. (Obj. 26, ECF No. 124.) The WCDC Inmate Guide provides that matters involving "medical treatment/diagnoses . . . or disciplinary sanctions are not considered grievable items." (Mot. Summ. J. Attach. 3 (WCDC Inmate Guide 13-14), ECF No. 75-3.) However, the WCDC Inmate Guide gives inmates the right to appeal disciplinary sanctions. (Id. at 13-14, 16, ECF No. 75-3.) Griffin has presented no evidence that he appealed his disciplinary sanctions. Therefore, Griffin has failed to show a genuine issue of

material fact regarding exhaustion, and the court grants summary judgment without prejudice for Brown, Pressley, and Presley.  However, because the WCDC Inmate Guide does not address appeals of medical decisions, the court will address Griffin's objection to the magistrate judge's recommendation to grant summary judgment on his deliberate indifference claim regarding Thacker below.

Second, Griffin alleges that Thacker was deliberately indifferent to his serious medical needs and that the magistrate judge did not view the facts in the light most favorable to him regarding this claim.  (Obj. 2-3, 27-29, ECF No. 124.)  Because Griffin was a pretrial detainee when the alleged harm occurred, his claim is evaluated under the Fourteenth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 (1979) (holding that a pretrial detainee's challenge to prison conditions is properly analyzed under the Due Process Clause of the Fourteenth Amendment); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (noting that a pretrial detainee's claim for denial of medical care following his arrest was properly analyzed under the Due Process Clause of the Fourteenth Amendment and holding that "[t]he due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner[.]"). "[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause."  Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citation omitted).  "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."  Id. at 575-76 (citations omitted).  "[A] showing of mere negligence" does not satisfy the standard for deliberate indifference.  Id. at 575 (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Griffin claims that Thacker, a nurse practitioner, was deliberately indifferent to his serious medical needs regarding his dental concerns because she denied him access to a dentist and would only allow extraction. (Obj. 27, ECF No. 124.) However, while at WCDC, Griffin had numerous visits with Thacker regarding his dental pain and received observations, testing, care, and treatment. (Thacker Mot. Summ. J. Attach. 1 (Thacker Aff. ¶ 6), ECF No. 77-1; Thacker Reply Attach. 1 (Medicals, generally), ECF No. 111-1.) Griffin was prescribed an antibiotic. (Thacker Mot. Summ. J. Attach. 1 (Thacker Aff. ¶ 6), ECF No. 77-1.) In addition, he was provided a regimen of Ibuprofen or Motrin on two separate occasions for pain. (Id., ECF No. 77-1.)

Griffin contends that he never refused to visit a dentist and that he only refused a tooth extraction. (Obj. 2-3, ECF No. 124.) However, Griffin's medical records reflect that medical indicated that it would send a request to the U.S. Marshals Service ("USMS") for Griffin to visit with a dentist. (Thacker Reply Attach. 1 (Medicals 31), ECF No. 111-1.) Moreover, Griffin refused the visit because he did not want to have a tooth extracted stating that "it ain't that bad." (Id., ECF No. 111-1.) Under these circumstances, Griffin has failed to show a genuine issue of material fact regarding Thacker's deliberate indifference to his serious medical needs and has merely stated a disagreement as to the proper course of treatment. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (noting that "[d]isagreement[s] between an inmate and a physician over the inmate's proper medical care" have consistently been found "to fall short of showing deliberate indifference.") (citations and internal quotation marks omitted). Consequently, the court grants Thacker's motion for summary judgment. Moreover, after a thorough review of the

Report and Recommendation and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Brown, Pressley, and Presley's motion for summary judgment, docket number 75, is granted without prejudice. It is further

**ORDERED** that Thacker's motion for summary judgment, docket number 77, is granted.

It is further

**ORDERED** that all outstanding motions are deemed moot.

**IT IS SO ORDERED**.

                                             s/Henry M. Herlong, Jr.
                                             Senior United States District Judge

Greenville, South Carolina
July 30, 2020

# NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.