IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Leroy Anthony Griffin, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Curtis Brown, Nardia Pressley, Mykira ) <br> Presley, and Sarah Thacker, ) <br> ) <br> Defendants. ) | C.A. No. 4:19-00106-HMH-TER <br><br> **OPINION & ORDER** |

This matter is before the court on Leroy Anthony Griffin's ("Griffin") pro se motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies Griffin's motion.

The court previously granted summary judgment for Curtis Brown ("Brown"), Nardia Pressley ("Pressley"), Mykira Presley ("Presley"), and Sarah Thacker ("Thacker") (collectively "Defendants") and deemed all of Griffin's outstanding motions moot. (July 30, 2020 Order, ECF No. 127.) In response to Griffin's objections to the magistrate judge's Report and Recommendation, the court found that summary judgment was proper because (1) Griffin failed to exhaust his administrative remedies against Brown, Pressley, and Presley and (2) Thacker was not deliberately indifferent to Griffin's serious medical needs. (Id. at 3-7, ECF No. 127.) On August 13, 2020, Griffin filed his Rule 59(e) motion. (Rule 59(e) Mot., ECF No. 146.) This matter is ripe for review.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new

1

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

In his Rule 59(e) motion, Griffin both raises new arguments that could have been raised prior to the issuance of judgment and realleges arguments that the court fully considered in its July 30, 2020 Order. Moreover, nothing in Griffin's motion demonstrates any intervening change in controlling law, new evidence, or that the court made a clear error of law. Based on the foregoing, Griffin's Rule 59(e) motion is denied.

It is therefore

**ORDERED** that Griffin's motion to alter or amend the judgment, docket number 146, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 17, 2020

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.